Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| RADAMÉS CARABALLO ALICEA<br><br>Recurrido<br><br>V.<br><br>SG CONSTRUCTION INC.<br><br>Peticionario | TA2026CE00441 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. SJ2025CV03317<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez

*Grana Martínez, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Comparece ante nos SG Construction Inc. (en adelante el Peticionario) mediante un Petición de *Certiorari* instado el 10 de abril de 2026. En su recurso, nos solicita que revoquemos la Resolución del Tribunal de Primera Instancia emitida el 23 de febrero de 2026 donde se declaró "No Ha Lugar" la Moción de desestimación presentada por SG Construction, Inc.

Por los fundamentos que expondremos a continuación, se expide la Petición de *Certiorari* y se revoca la Resolución Interlocutoria emitida por el foro primario. Exponemos el trasfondo fáctico y procesal que acompaña la presente controversia.

**I.**

El 20 de abril de 2025, el Recurrido presentó una Demanda de Daños y Perjuicios en contra de Iván A. Cintrón Colón y la Sociedad de Bienes Gananciales (en adelante, "SBG"), Claudio Bauzá y la SBG, Joel Rivera García y la SBG, d/b/a o como socios

de SG Construction and Management Inc.[1] Además, se incluyó a la Aseguradora A, B, C y a las "[p]ersona A, B, C y/o personas jurídicas W, Y, Z [que] son personas naturales y/o jurídicas que pudieron haber participado y responden de la presente reclamación, que más adelante se detalla, que en este momento se desconocen por sus nombres".[2] Destacamos, que en ningún momento en la demanda inicial se demandó a SG Construction como persona jurídica. En la Demanda se alegó que el Recurrido trabajaba como obrero de construcción y que el 23 de abril de 2024, se le requirió que utilizara una pistola de clavos.[3] En el día antes mencionado, el obrero tuvo un accidente con la pistola de clavos que lo dejo sordo.[4]

El 23 de abril de 2025, el Recurrido formuló una Demanda Enmendada en la cual añadió, entre otras cosas, que el Recurrido trabajó en el Hospital Menonita en Caguas.[5]

El 7 de octubre de 2025, el Sr. Claudio Bauzá presentó su Escrito en cumplimiento de orden, contestación a demanda enmendada, y moción de desestimación.[6] En su alegación responsiva, en resumidas cuentas, negaron las alegaciones y señalaron que el Sr. Bauzá no es socio de SG Construction and Management Inc., ni hace negocios bajo ese nombre comercial.[7] Por último, estableció que no existe ni ha existido contratación alguna entre él y el Sr. Radamés Caraballo Alicea.[8]

A su vez, el 7 de octubre del 2025, el Sr. Iván A. Cintrón Colón formuló su Escrito asumien[d]o representación legal, contestación a demanda enmendada, y moción de desestimación.[9] En su escrito también negaron la mayoría de las alegaciones y señalaron que el

---

[1] Véase Ent. núm. 1 Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Primera Instancia (TPI).
[2] *Íd.*
[3] *Íd.*
[4] *Íd.*
[5] Véase Ent. núm. 6 SUMAC de TPI.
[6] Véase Ent. núm. 26 SUMAC de TPI.
[7] *Íd.*
[8] *Íd.*
[9] Véase Ent. núm 27 SUMAC de TPI.

Sr. Cintrón Colón no es socio de SG Construction and Management Inc., ni hace negocios bajo ese nombre comercial.[10] Por último, estableció que no existe ni ha existido contratación alguna entre él y el Sr. Radamés Caraballo Alicea.[11]

El 20 de noviembre de 2025, el Sr. Claudio Bauzá presentó una segunda moción de desestimación.[12] El 16 de diciembre de 2025, nuevamente el Sr. Claudio Bauzá instó una tercera moción de desestimación.[13]

El 2 de enero de 2026, el Recurrido presentó una Segunda Demanda Enmendada en donde por primera vez demanda a la corporación SG Construction Inc.[14] Además, en esa misma fecha, instó una Moción de Desistimiento a favor de los Demandados, Iván A. Cintrón Colon y la SBG; y de Claudio Bauzá y la SBG; y Joel Rivera García y la SBG. Como parte de dicha moción se fundamentó el desistimiento en torno a "que el demandante desconocía en realidad quien era su patrono. En vista de que, con la información obtenida por las órdenes judiciales, se ha podido identificar la compañía patronal del demandante, estamos desistiendo sin perjuicio en cuanto a estos".[15]

El 7 de enero de 2026, el Tribunal de Primera Instancia emitió una Sentencia Parcial en la cual declaró "Ha Lugar" la moción de desistimiento sin perjuicio.[16]

El 2 de febrero de 2026, se diligenció el emplazamiento correspondiente a SG Construction Inc., por conducto de la asistente de administración. [17]

---

[10] *Íd.*
[11] *Íd.*
[12] Véase Ent. núm. 27 SUMAC de TPI.
[13] Véase Ent. núm. 47 SUMAC de TPI.
[14] Véase Ent. núm. 52 SUMAC de TPI.
[15] *Íd.*, pág. 1.
[16] Véase Ent. núm 66 SUMAC de TPI.
[17] Véase Ent. núm. 70 SUMAC de TPI.

El 19 de febrero de 2026, SG Construction, Inc., (en adelante, la Peticionaria) presentó una Moción asumiendo representación legal y solicitando desestimación por prescripción.[18] En su escrito establece que la:

> Segunda Demanda Enmendada, que inserta por primera vez en la reclamación a SG Construction Inc., fue radicada el día 2 de enero de 2026, o sea, 1 año, 8 meses y 10 días luego de acontecer los hechos, incluso, desde otra perspectiva, 257 días luego de haberse presentado la demanda original; quedando emplazada la compareciente 286 días a partir de la misma fecha.[19]

El 22 de febrero de 2026, el Recurrido presentó su Oposición a desestimación.[20] En su escrito expuso que el Recurrido desconocía el nombre de su patrono y enmendó la demanda habiéndose interrumpido el término de prescripción de la causa de acción.[21] Asimismo, expuso que la regla procesal aplicable a la controversia es la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V.

El 23 de febrero de 2026, el foro primario emitió una Resolución en la cual declaró "No Ha Lugar" la Moción asumiendo representación legal y solicitando desestimación por prescripción.[22] El foro primario fundamentó su resolución en que, tomando como ciertas las alegaciones de las demandas, existe una causa de acción a favor del Recurrido. Además, señaló como parte de su escrito que:

> Al haber identificado claramente quien era el patrono y así enmendó la demanda, la Parte Demandante ejerció su acción de daños y perjuicios conforme a derecho y el término prescriptivo quedó interrumpido en cuanto a dicha parte. Por tanto, es evidente que la Parte Demandante hizo constar tanto en el epígrafe de la demanda como en las alegaciones dentro del cuerpo de esta, que, por desconocerse el nombre verdadero del patrono, las designaba con nombre ficticios.[23]

El 10 de marzo de 2026, el Peticionario presentó una Moción de reconsideración.[24] El 11 de marzo de 2026, el foro primario emitió

---

[18] Véase Ent. núm. 70 SUMAC de TPI.
[19] *Id.*, pág. 2.
[20] Véase Ent. núm 74 SUMAC de TPI.
[21] *Íd.*
[22] Véase Ent. núm. 75 SUMAC de TPI.
[23] *Íd.*, pág. 2.
[24] Véase Ent. núm. 76 SUMAC de TPI.

una Orden declarando un "No Ha Lugar" a la Moción de reconsideración. [25]

Inconforme con esta determinación, el 10 de abril de 2026, el Peticionario presentó una Petición de *Certiorari* en la cual realizó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al determinar que la siguiente alegación contenida en la Demanda Original tuvo el efecto de paralizar el término prescriptivo de la reclamación de epígrafe en lo que respecta a la parte Peticionaria, SG Construction, Inc., catalogando equivocadamente a esta última como una persona o entidad de existencia conocida pero de nombre desconocido para el demandante a la fecha de la radicación de la Demanda, contrario a lo que propone el Ordenamiento Jurídico entonces vigente, y en su consecuencia, al haber determinado que, a la fecha de la Segunda Demanda Enmendada, la causa de acción del Demandante no se encontraba prescrita en lo que respecta a la parte Peticionaria: "Personas A, B, C y/o jurídicas que pudieron haber participado y responden de la presente reclamación que más adelante se detalla que en este momento se desconocen sus nombres."

A pesar de habérsele concedido un término para oponerse, el Recurrido no compareció ante este foro por lo que procedemos a resolver sin su comparecencia.

## II.

### A. Certiorari.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 847 (2023); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728 (2016). Aunque el *certiorari* se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la

---

[25] Véase Ent. núm 77 SUMAC de TPI.

discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragosa Meléndez,* supra, pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra,* pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### A. El Demandado Desconocido.

La Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V establece que:

Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda *exponiendo la reclamación específica que alega tener contra dicha parte demandada.* En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación del procedimiento. (Énfasis suplido).

El mero hecho de establecer en la demanda la mención de un nombre ficticio para un demandado no hace que aplique la regla de una manera automática. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012) esc. 2. La Regla 15. 4 de Procedimiento Civil exige que se conozca la identidad del demandado y se exponga la *reclamación específica* que se tiene contra esta parte. *Íd.* (Énfasis suplido). Por consiguiente, esta regla solo será de aplicación cuando el demandante conoce la identidad del demandado, pero no su verdadero nombre. *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 417 (2000).

Además, una vez se descubre cual es el nombre verdadero de la persona natural o jurídica se tiene que hacer con prontitud la enmienda correspondiente. *Fraguada Bonilla v. Hosp. Aux. Mutuo*,

*supra,* esc. 2. Nuestro máximo foro local también ha establecido que "la ignorancia del verdadero nombre del demandado debe ser real y legítima, y no falsa o espúrea". *Padín v. Cia. Fom. Ind, supra,* pág. 417; *Fuentes v. Tribl. De Distrito,* 73 DPR 959, 986-987 (1952).

Una demanda presentada contra una persona que no existe o un demando equivocado en lo que respecta a la identidad y no a su nombre no interrumpe la prescripción de la acción, cuando existe la persona natural o jurídica que tenía que ser demandada. *Fuentes v. Tribl. de Distrito,* supra, pág. 983.

### B. Enmienda a las Alegaciones.

La Regla 13.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone en torno a la retroactividad de las enmiendas que:

> Siempre que la reclamación expuesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original.
> Una enmienda para sustituir la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si además de cumplirse con el requisito anterior y dentro del término prescriptivo, la parte que se trae mediante enmienda: (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedida de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del (de la) verdadero(a) responsable, la acción se hubiera instituido originalmente en su contra.
> Una enmienda para incluir a una parte demandante se retrotraerá a la fecha de la alegación original si ésta contiene una reclamación que surja de la misma conducta, acto, omisión o evento que la acción original y que la parte demandada haya tenido conocimiento, dentro del término prescriptivo, de la existencia de la causa de acción de los reclamantes que se quieren acumular como demandantes y de su participación en la acción original.

### C. Prescripción

El Art. 1189 del Código Civil de 2020, 31 LPRA sec. 9841 define la prescripción como "una defensa que se opone a quien no ejercita un derecho de acción dentro del plazo de tiempo que la ley fija para invocarlo. Las acciones prescriben por el mero lapso del tiempo fijado por la ley". La prescripción es una institución de

derecho civil sustantivo y no procesal, que obedece a una finalidad pública de darle seguridad a las relaciones jurídicas. *Maldonado Rivera v. Suarez y otros,* 195 DPR 182, 193 (2016).

La prescripción, como adelantáramos, es una defensa afirmativa oponible a quien no ejercita su causa de acción dentro del plazo establecido por ley. El inciso (a) del Art. 1204 del Código Civil vigente establece que "[p]rescriben, salvo disposición diversa de la ley: (a) por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, *contado desde que la persona agraviada conoce la existencia del daño y quien lo causó*". (Énfasis suplido). 31 LPRA sec. 9496.  Una vez el plazo establecido por ley vence, la prescripción surtirá efectos si es invocada por quien puede beneficiarse de esta defensa. 31 LPRA sec. 9484.

La prescripción tiene como fin castigar la inactividad de ejercer las causas de acción e impedir litigios que sean arduos de adjudicar debido a la antigüedad de la reclamación. *SLG García-Villega v. ELA et al.,* 190 DPR 799, 813 (2014). De esta manera, "se evitan las consecuencias que genera la resucitación de reclamaciones viejas, como la pérdida de evidencia, la pérdida de testigos o la dificultad para contactarlos y la memoria imprecisa". *Íd.*

### III.

El Peticionario expuso que erró el foro primario al determinar que la demanda original tuvo el efecto de paralizar el término prescriptivo de la reclamación con respecto a ellos y catalogar que SC Construction es una entidad conocida, pero de nombre desconocido. Le asiste la razón al peticionario.

El 20 de abril de 2025, el Recurrido inadvertidamente presentó una Demanda de Daños y Perjuicios en contra de los señores Iván. A Cintrón Colón, Claudio Bauzá y Joel Rivera García, debido a que éstos eran socios de SG Construction and Management

Inc. En la antes mencionada demanda SG Construction no fue traído al pleito como demandado. Ahora bien, en la demanda se estableció como partes demandadas a las "[p]ersona A, B, C y/o personas jurídicas W, Y, Z [que] son personas naturales y/o jurídicas que pudieron haber participado y responden de la presente reclamación que más adelante se detalla que en este momento se desconocen por sus nombres".

Los demandados presentaron sus respectivas Contestaciones a la Demanda y Mociones de desestimación, en la que establecieron que no eran socios de SG Construction and Management Inc., ni tenían relación contractual alguna con el Recurrido. El Sr. Claudio Bauzá llegó a presentar hasta tres (3) mociones de desestimación, ninguna con éxito.

El 2 de enero de 2026, el Recurrido presentó una Moción de Desistimiento sin perjuicio a favor de los Demandados. Asimismo, formuló una Segunda Demanda Enmendada en donde incluyó a la Corporación SG Construction Inc., por primera vez. SG Construction Inc., presentó una moción solicitando la desestimación de la demanda, debido a que estaba prescrita. Como parte de su escrito, establecieron que la Segunda Demanda Enmendada fue presentada un (1) año, ocho (8) meses y diez (10) días, luego de acontecer los hechos.

La Regla 15. 4 de Procedimiento Civil, *supra,* establece que cuando una parte ignore el nombre de la parte demandada, debe hacer constar este hecho y exponer la reclamación especifica que tiene contra dicha parte. En la demanda presentada el 20 de abril de 2025, el Recurrido identificó con nombre ficticio a la persona jurídica W, Y, Z, pero nunca estableció cual era la reclamación que tenía contra esta persona jurídica. Por consiguiente, incumple con el requisito de exponer cuál es la reclamación que tiene en contra

del demandado que impone la regla procesal. Resulta difícil pensar que esa persona jurídica era su patrono cuando la demanda estaba dirigida a los presuntos socios de la corporación. El Recurrido tenía el deber de incluir en su demanda del 20 de abril de 2025 como parte, y adquirir jurisdicción sobre la misma, a la Corporación SG Construction Inc., y no cruzarse de brazos.

El nombre de SG Construction no puede ser ajeno al Recurrido debido a que en su demanda identifica que los socios trabajan para esta compañía, pero nunca la hace parte del caso. Asimismo, la identifica en el epígrafe del caso.

El Recurrido desde la presentación de la demanda, en específico las alegaciones diecisiete (17) y dieciocho (18) exponen que su patrono no había pagado la póliza y le negaron los servicios de salud por ser "Patronos no asegurados". Por lo cual, resulta altamente improbable que haya acudido a dicho ente gubernamental sin también saber cuál es el nombre propio del patrono, se haya brindado el de los socios y le hayan comentado que su patrono era uno no asegurado.

La demanda incoada erróneamente contra los alegados socios de la corporación no interrumpe el término prescriptivo de un año, según establecido en nuestro Código Civil. La demanda tenía que ser en contra del patrono SG Construction Inc., al haber presentado la demanda enmendada fuera del término de un año establecido. La alegación Número 6 de la demanda no cumple con describir, aunque sea de manera general, la reclamación en contra de los nombres ficticios incluidos por lo que no satisface los criterios de la regla 15.4, supra. La reclamación para exigir responsabilidad extracontractual, comienza desde que la persona agraviada conoce la existencia del daño y quien lo causó. A pesar de que el recurrido presentó su demanda contra Iván A. Cintrón Colón y la Sociedad de

Bienes Gananciales (en adelante, "SBG"), Claudio Bauzá y la SBG, Joel Rivera García y la SBG d/b/a o como socios de SG Construction and Management, e incluyó a esta última en el epígrafe lo que demuestra conocimiento de que no interrumpió el término prescriptivo contra ésta mediante una alegación, aunque fuera general.

**IV.**

Por los fundamentos antes expuestos, se expide la Petición de *Certiorari* y se revoca la Resolución Interlocutoria emitida el 23 de febrero de 2026.   En su consecuencia, se desestima la demanda contra SG Construction Inc.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones